## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:20-CR-24-KKC-MAS-1** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **EARL LEE PLANCK, JR.,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the motion for compassionate release filed by defendant Earl Lee Planck, Jr. (DE 205) pursuant to 18 U.S.C. 3582(c)(1)(A). By judgment dated December 20, 2021, the Court sentenced Planck to a prison term of 56 months after he pleaded guilty to conspiring to defraud the United States, crop insurance fraud, and tax evasion. According to the Bureau of Prison's website, he is scheduled for release on March 4, 2025.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. See 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

earlier . . . ."  18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. Here, the government does not dispute that Plank has met the mandatory condition. Accordingly, the Court may consider this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling."  The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 990 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*.

Planck, however, does not set forth any circumstances that the Court could find extraordinary and compelling. He states he has various medical conditions that put him at an increased risk of

2

serious complications if he contracts COVID-19, including heart disease, high blood pressure, sleep apnea, diabetes, and obesity. He also asserts, however, that there are currently no reported positive cases of COVID-19 at FCI Terre Haute, where he is incarcerated. Moreover, the government presents evidence that Planck is vaccinated against COVID-19, which dramatically reduces the risks posed by the disease. "[F]ollowing full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Thus, "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *Id.*  Planck argues that *Lemons* is outdated given the Omicron variant of COVID-19. But *Lemons* remains binding precedent and is still cited by the Sixth Circuit. *See United States v. Hudson*, No. 21-3650, 2022 WL 18283254, at *2 (6th Cir. Nov. 22, 2022). Planck has not presented the Court with sufficient evidence for the Court to find that the Omicron variant makes *Lemon* inapplicable to this case.

Thus, the Court cannot find that extraordinary and compelling circumstances warrant Planck's release from prison at this time. But even if the Court could make such a finding, it must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1103. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors thoroughly and extensively at Planck's sentencing, and the Court has reconsidered them for this motion. Planck was convicted of a serious fraudulent scheme of which he was deemed to be a leader. The Court sentenced him below the advisory guideline range of 78 to 97 months. He has not yet served even half of the sentence imposed by the Court. Considering all of the §3553(a) factors, the Court cannot find that Planck's immediate release is appropriate.

Planck asserts that he has not received adequate medical care for his medical conditions. This raises an issue that this Court cannot address on a compassionate release motion. To the extent that Planck seeks release as a remedy for inadequate medical are, he should bring a claim for habeas relief under 28 U.S.C. § 2241 because such a claim "challenges the fact or extent of [her] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). "Release from confinement" is "the heart of habeas corpus." *Id*. at 838 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). Such claims must be filed in a court that has jurisdiction

4

over the prisoner's custodian. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Alternatively, Planck may file a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights to adequate medical care and request immediate injunctive relief to remedy the care he is receiving.

For all these reasons, the Court HEREBY ORDERS that Planck's motion for compassionate release (DE 205) is DENIED.

This 1st day of March 2023

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY